Filing # 68188979 E-Filed 02/20/2018 12:42:02 PM

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

RACHAELLE LYNN,

        Plaintiff,

vs.                                             Case No.

R & L CARRIERS SHARED SERVICES,
LLC, d/b/a Kwikturn Media and IMT
Technology and R & L CARRIERS, INC.,

        Defendants.

                                /

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Rachaelle Lynn (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby files this suit against Defendant, R & L Carriers Shared Services, LLC, d/b/a Kwikturn Media and IMT Technology, and Defendant, R & L Carriers, Inc., (collectively "Defendants"), and alleges:

### NATURE OF ACTION

1.     This is an action to redress the deprivation of rights secured to Plaintiff by the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §§ 621 *et seq.* and Florida Civil Rights Act (hereinafter "FCRA"), PLA. STAT. §§ 760.01 *et seq.*

### STATUTORY PREREQUISITES TO SUIT

2.     Plaintiff has exhausted her administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein as required by the ADEA and FCRA. Further, Plaintiff has performed and fulfilled all conditions precedent to maintaining the claims asserted herein as required by the ADEA and FCRA. (*See* Exhibit A).

## GENERAL ALLEGATIONS

3.     This is an action for damages in excess of fifteen thousand (15,000) dollars, exclusive of interest and costs.

4.     The acts giving rise to this action were committed in Marion County, Florida, within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

5.     In documents filed with the Florida Department of State, Division of Corporations, Defendant, R & L Carriers Shared Services, LLC (hereinafter "R & L Shared Services"), identifies itself as an Ohio company and identifies 1000 N.W. 209th Avenue, Pembroke Pines, Florida 33029 as its principal address.  R & L Shared Services transacts business under the assumed or fictitious names of Kwikturn Media and IMT Technology.  R & L Shared Services has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

6.     In documents filed with the Florida Department of State, Division of Corporations, Defendant, R & L Carriers, Inc. (hereinafter "R & L Carriers"), identifies itself as an Ohio company and identifies 600 Gilliam Road, Wilmington, Ohio 45177 as its principal address.  R & L Carriers has an office for transaction of its customary business, and has an agent or other representative, in Marion County, Florida.

7.     At all times material hereto, R & L Shared Services was a person within the meaning of the ADEA engaged in an industry affecting commerce who had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.  As such, R & L Shared Services was an employer within the meaning of the ADEA.

8.     At all times material hereto, R & L Shared Services was a person within the

2

meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, R & L Shared Services was an employer within the meaning of the FCRA.

9.    At all times material hereto, R & L Carriers was a person within the meaning of the ADEA engaged in an industry affecting commerce who had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, R & L Carriers was an employer within the meaning of the ADEA.

10.    At all times material hereto, R & L Carriers was a person within the meaning of the FCRA employing fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. As such, R & L Carriers was an employer within the meaning of the FCRA.

## COUNT I:  DISCRIMINATION AGAINST
## R & L SHARED SERVICES UNDER ADEA

11.    Plaintiff hereby restates the allegations contained in paragraphs two through ten as though stated fully and completely herein.

12.    This claim for discrimination on the basis of age is asserted against R & L Shared Services pursuant to the ADEA.

13.    Plaintiff, who is over forty years of age, is a member of a class protected by the ADEA and FCRA against discrimination with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

14.    At all times material hereto, Plaintiff was an employee of R & L Shared Services for purposes of the ADEA and FCRA. As an employee of R & L Shared Services within the meaning of the ADEA and FCRA, Plaintiff was protected against discrimination on the basis of age with respect to the compensation, terms, conditions, or privileges of her employment.

3

15.    At all times material hereto, R & L Shared Services was Plaintiff's employer for purposes of the ADEA and FCRA. As her employer within the meaning of the ADEA and FCRA, R & L Shared Services was prohibited from discriminating against Plaintiff on the basis of age with respect to the compensation, terms, conditions, or privileges of her employment.

16.    Plaintiff's employment with R & L Shared Services began in March 2015 and continued until her termination on or about June 17, 2016. During her employment with R & L Shared Services, Plaintiff worked as an SEO Manager at the office of R & L Shared Services in Ocala, Florida.

17.    During her employment with R & L Shared Services, Plaintiff possessed the skills and background necessary to perform the duties of a SEO Manager. Moreover, because R & L Shared Services hired Plaintiff for the position of SEO Manager after evaluating her qualifications and determining that Plaintiff possessed the requisite qualifications, Plaintiff demonstrated that she possessed the skills and background necessary to perform the duties of a SEO Manager. As such, Plaintiff was qualified for the position.

18.    During her employment with R & L Shared Services, R & L Shared Services intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age. R & L Shared Services' discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age included treating her differently and less favorably from similarly situated employees outside the protected class. R & L Shared Services' disparate and unequal treatment of Plaintiff on the basis of age included, but was not limited to: scrutinizing her work performance; failing to provide her with work-related assistance and cooperation; subjecting her to a more significant work load; requiring her to perform the work duties of employees outside the protected age class; ignoring her in the workplace; requiring her to perform less desirable job

4

duties; threatening to fire her; and swearing at her.

19.    R & L Shared Services' discriminatory treatment of Plaintiff on the basis of age also included a management-level employee making derogatory and discriminatory ageist remarks, including, but not limited to: stating Plaintiff was too set in her ways; remarking about when you get to be Plaintiff's age; stating, with respect to Plaintiff, when you are older you don't understand the technology as well; stating, with respect to Plaintiff, when you are older you don't see as well; stating, with respect to Plaintiff, when you are older you don't understand how to use the website as well as someone who is younger; and calling another employee in the protected age class old man, old fart, and old and tired.

20.    R & L Shared Services' discriminatory treatment of Plaintiff on the basis of age culminated in her termination on or about June 17, 2016.  The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of the ADEA and FCRA.

21.    After R & L Shared Services' terminated her employment, Plaintiff was replaced by a person outside of her protected class under the ADEA and FCRA.

22.    R & L Shared Services subjected Plaintiff to adverse employment action because of her age.

23.    In taking adverse employment action against Plaintiff because of her age, R & L Shared Services intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

24.    As a proximate result of the aforementioned intentional discriminatory acts of R & L Shared Services, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

25.     The aforementioned intentional discriminatory acts of R & L Shared Services give rise to a cause of action under the ADEA.  In particular, the ADEA forbids discrimination against any employee on the basis of age with respect to the compensation, terms, conditions, or privileges of employment.

26.     The aforementioned intentional discriminatory acts of R & L Shared Services were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

27.     If Plaintiff prevails on her ADEA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that R & L Shared Services violated Plaintiff's rights under the ADEA; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Shared Services from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT II: DISCRIMINATION AGAINST
## R & L SHARED SERVICES UNDER FCRA

28.     Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through twenty-three, as though stated fully and completely herein.

29.     This claim for discrimination on the basis of age is asserted against R & L Shared

Services pursuant to the FCRA.

30.    By and through acts alleged more specifically in Count I, R & L Shared Services intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

31.    As a proximate result of the aforementioned intentional discriminatory acts of R & L Shared Services, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

32.    The aforementioned intentional discriminatory acts of R & L Shared Services give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the compensation, terms, conditions, or privileges of employment.

33.    The aforementioned intentional discriminatory acts of R & L Shared Services were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

34.    If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that R & L Shared Services violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Shared Services from engaging in any such unlawful employment practice

under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT III: RETALIATION AGAINST
## R & L SHARED SERVICES UNDER ADEA

35.    Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through nineteen, as though stated fully and completely herein.

36.    This claim for retaliation is asserted against R & L Shared Services pursuant to the ADEA.

37.    The ADEA and FCRA prohibit employers, such as R & L Shared Services, from taking adverse employment action against employees in retaliation for their engaging in statutorily protected activity under the ADEA and FCRA.

38.    As an employee of R & L Shared Services, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under the ADEA and FCRA.   More specifically, Plaintiff was protected against retaliatory adverse employment action for opposing any practice of R & L Shared Services made an unlawful employment practice by the ADEA and FCRA.

39.    During her employment with R & L Shared Services, Plaintiff engaged in statutorily protected activity by complaining to management about the age-based discriminatory behavior in the workplace.  In opposing the discriminatory conduct in the workplace, Plaintiff had a good faith, reasonable belief that R & L Shared Services had or was engaging in unlawful age-based discrimination.  As such, Plaintiff engaged in statutorily protected activity within the meaning of the ADEA and FCRA.

40.    In retaliation for Plaintiff's statutorily protected activity within the meaning of the

8

FCRA, R & L Shared Services terminated Plaintiff's employment on or about June 17, 2016. The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of the ADEA and FCRA.

41.    R & L Shared Services was aware of Plaintiff's statutorily protected activity within the meaning of the ADEA and FCRA when it subjected her to adverse employment action. More specifically, Plaintiff was subjected to adverse employment action after she engaged in statutorily protected activity within the meaning of the ADEA and FCRA, including after Plaintiff engaged in statutorily protected activity within the meaning of the ADEA and FCRA in May 2016.

42.    R & L Shared Services subjected Plaintiff to adverse employment action because of her statutorily protected activity within the meaning of the ADEA and FCRA.

43.    In taking adverse employment action against Plaintiff because of her statutorily protected activity within the meaning of the ADEA and FCRA, R & L Shared Services intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

44.    As a proximate result of the aforementioned intentional discriminatory acts of R & L Shared Services, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

45.    The aforementioned intentional discriminatory acts of R & L Shared Services give rise to a cause of action under the ADEA. In particular, the ADEA prohibits an employer from taking retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of the ADEA by complaining to management about discrimination against them in the workplace.

9

46.    The aforementioned intentional discriminatory acts of R & L Shared Services were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

47.    If Plaintiff prevails on her ADEA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that R & L Shared Services violated Plaintiff's rights under the ADEA; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Shared Services from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT IV: RETALIATION AGAINST
## R & L SHARED SERVICES UNDER FCRA

48.    Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs thirteen through nineteen and thirty-seven through forty-two, as though stated fully and completely herein.

49.    This claim for retaliation is asserted against R & L Shared Services pursuant to the FCRA.

50.    By and through acts alleged more specifically in Count III, R & L Shared Services, in taking adverse employment action against Plaintiff because of her statutorily protected activity within the meaning of the ADEA and FCRA, intentionally discriminated

against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

51.     As a proximate result of the aforementioned intentional discriminatory acts of R & L Shared Services, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

52.     The aforementioned intentional discriminatory acts of R & L Shared Services give rise to a cause of action under the FCRA. In particular, the FCRA prohibits an employer from taking retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of the FCRA by complaining to management about discrimination against them in the workplace.

53.     The aforementioned intentional discriminatory acts of R & L Shared Services were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

54.     If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that R & L Shared Services violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Shared Services from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and

for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT V:  DISCRIMINATION AGAINST
## R & L CARRIERS UNDER ADEA

55.    Plaintiff hereby restates the allegations contained in paragraphs two through ten as though stated fully and completely herein.

56.    This claim for discrimination on the basis of age is asserted against R & L Carriers pursuant to the ADEA.  Further, this claim and the allegations herein are asserted in the alternative to the claim against R & L Shared Services in Count I.

57.    Plaintiff, who is over forty years of age, is a member of a class protected by the ADEA and FCRA against discrimination with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

58.    If Plaintiff was not an employee of R & L Shared Services within the meaning of the ADEA and FCRA, then Plaintiff was an employee of R & L Carriers for purposes of the ADEA and FCRA.  As an employee of R & L Carriers for purposes of the ADEA and FCRA, Plaintiff was protected against discrimination on the basis of age with respect to the compensation, terms, conditions, or privileges of her employment.

59.    If R & L Shared Services was not the employer of Plaintiff within the meaning of the ADEA and FCRA, then R & L Carriers was the employer of Plaintiff for purposes of the ADEA and FCRA.  As her employer for purposes of the ADEA and FCRA, R & L Carriers was prohibited from discriminating against Plaintiff because of age with respect to the compensation, terms, conditions, or privileges of her employment.

60.    Plaintiff's employment with R & L Carriers began in March 2015 and continued until her termination on or about June 17, 2016.  During her employment with R & L Carriers, Plaintiff worked as an SEO Manager at the office of R & L Carriers in Ocala, Florida.

61.     During her employment with R & L Carriers, Plaintiff possessed the skills and background necessary to perform the duties of a SEO Manager.  Moreover, because R & L Carriers hired Plaintiff for the position of SEO Manager after evaluating her qualifications and determining that Plaintiff possessed the requisite qualifications, Plaintiff demonstrated that she possessed the skills and background necessary to perform the duties of a SEO Manager.  As such, Plaintiff was qualified for the position.

62.     During her employment with R & L Carriers, R & L Carriers intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.  R & L Carriers' discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age included treating her differently and less favorably from similarly situated employees outside the protected class.  R & L Carriers disparate and unequal treatment of Plaintiff on the basis of age included, but was not limited to:  scrutinizing her work performance; failing to provide her with work-related assistance and cooperation; subjecting her to a more significant work load; requiring her to perform the work duties of employees outside the protected age class; ignoring her in the workplace; requiring her to perform less desirable job duties; threatening to fire her; and swearing at her.

63.     R & L Carriers' discriminatory treatment of Plaintiff on the basis of age also included a management-level employee making derogatory and discriminatory ageist remarks, including, but not limited to:  stating Plaintiff was too set in her ways; remarking about when you get to be Plaintiff's age; stating, with respect to Plaintiff, when you are older you don't understand the technology as well; stating, with respect to Plaintiff, when you are older you don't see as well; stating, with respect to Plaintiff, when you are older you don't understand how to use the website as well as someone who is younger; and calling another employee in the protected

age class old man, old fart, and old and tired.

64.     R & L Carriers' discriminatory treatment of Plaintiff on the basis of age culminated in her termination on or about June 17, 2016.   The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of the ADEA and FCRA.

65.     After R & L Carriers terminated her employment, Plaintiff was replaced by a person outside of her protected class under the ADEA and FCRA.

66.     R & L Carriers subjected Plaintiff to adverse employment action because of her age.

67.     In taking adverse employment action against Plaintiff because of her age, R & L Carriers intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

68.     As a proximate result of the aforementioned intentional discriminatory acts of R & L Carriers, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

69.     The aforementioned intentional discriminatory acts of R & L Carriers give rise to a cause of action under the ADEA.   In particular, the ADEA forbids discrimination against any employee on the basis of age with respect to the compensation, terms, conditions, or privileges of employment.

70.     The aforementioned intentional discriminatory acts of R & L Carriers were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

71.     If Plaintiff prevails on her ADEA claim, resulting in vindication of her civil

rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that R & L Carriers violated Plaintiff's rights under the ADEA; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Carriers from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

### COUNT VI: DISCRIMINATION AGAINST R & L CARRIERS UNDER FCRA

72.    Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs fifty-seven through sixty-eight, as though stated fully and completely herein.

73.    This claim for discrimination on the basis of age is asserted against R & L Carriers pursuant to the FCRA. Further, this claim and the allegations herein are asserted in the alternative to the claim against R & L Shared Services in Count II.

74.    By and through acts alleged more specifically in Count V, R & L Carriers intentionally discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment on the basis of age.

75.    As a proximate result of the aforementioned intentional discriminatory acts of R & L Carriers, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

76. The aforementioned intentional discriminatory acts of R & L Carriers give rise to a cause of action under the FCRA. In particular, the FCRA forbids discrimination against any employee on the basis of age with respect to the compensation, terms, conditions, or privileges of employment.

77. The aforementioned intentional discriminatory acts of R & L Carriers were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

78. If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief: an order declaring that R & L Carriers violated Plaintiffs' rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Carriers from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT VII: RETALIATION AGAINST
## R & L CARRIERS UNDER ADEA

79. Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs fifty-seven through sixty-three, as though stated fully and completely herein.

80. This claim for retaliation is asserted against R & L Carriers pursuant to the

16

ADEA. Further, this claim and the allegations herein are asserted in the alternative to the claim against R & L Shared Services in Count III.

81.    The ADEA and FCRA prohibit employers, such as R & L Carriers, from taking adverse employment action against employees in retaliation for their engaging in statutorily protected activity under the ADEA and FCRA.

82.    As an employee of R & L Carriers, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under the ADEA and FCRA. More specifically, Plaintiff was protected against retaliatory adverse employment action for opposing any practice of R & L Carriers made an unlawful employment practice by the ADEA and FCRA.

83.    During her employment with R & L Carriers, Plaintiff engaged in statutorily protected activity by complaining to management about the age-based discriminatory behavior in the workplace. In opposing the discriminatory conduct in the workplace, Plaintiff had a good faith, reasonable belief that R & L Carriers had or was engaging in unlawful age-based discrimination. As such, Plaintiff engaged in statutorily protected activity within the meaning of the ADEA and FCRA.

84.    In retaliation for Plaintiff's statutorily protected activity within the meaning of the FCRA, R & L Carriers terminated Plaintiff's employment on or about June 17, 2016. The termination of Plaintiff's employment constitutes an adverse employment action within the meaning of the ADEA and FCRA.

85.    R & L Carriers was aware of Plaintiff's statutorily protected activity within the meaning of the ADEA and FCRA when it subjected her to adverse employment action. More specifically, Plaintiff was subjected to adverse employment action after she engaged in statutorily protected activity within the meaning of the ADEA and FCRA, including after

Plaintiff engaged in statutorily protected activity within the meaning of the ADEA and FCRA in May 2016.

86.     R & L Carriers subjected Plaintiff to adverse employment action because of her statutorily protected activity within the meaning of the ADEA and FCRA.

87.     In taking adverse employment action against Plaintiff because of her statutorily protected activity within the meaning of the ADEA and FCRA, R & L Carriers intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

88.     As a proximate result of the aforementioned intentional discriminatory acts of R & L Carriers, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

89.     The aforementioned intentional discriminatory acts of R & L Carriers give rise to a cause of action under the ADEA. In particular, the ADEA prohibits an employer from taking retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of the ADEA by complaining to management about discrimination against them in the workplace.

90.     The aforementioned intentional discriminatory acts of R & L Carriers were performed with knowledge that such conduct violated the ADEA or with reckless disregard as to whether such conduct violated the ADEA.

91.     If Plaintiff prevails on her ADEA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the ADEA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that R & L Carriers violated Plaintiff's rights under the ADEA; an order for back pay, including

18

the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for liquidated damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Carriers from engaging in any such unlawful employment practice under the ADEA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## COUNT VIII: RETALIATION AGAINST
## R & L CARRIERS UNDER FCRA

92.    Plaintiff hereby restates the allegations contained in paragraphs two through ten, along with the allegations in paragraphs fifty-seven through sixty-three and eighty-one through eighty-seven, as though stated fully and completely herein.

93.    This claim for retaliation is asserted against R & L Carriers pursuant to the FCRA. Further, this claim and the allegations herein are asserted in the alternative to the claim against R & L Shared Services in Count IV.

94.    By and through acts alleged more specifically in Count VII, R & L Carriers, in taking adverse employment action against Plaintiff because of her statutorily protected activity within the meaning of the ADEA and FCRA, intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

95.    As a proximate result of the aforementioned intentional discriminatory acts of R & L Carriers, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury.

96.    The aforementioned intentional discriminatory acts of R & L Carriers give rise to a cause of action under the FCRA. In particular, the FCRA prohibits an employer from taking

19

retaliatory adverse employment action against employees who, just like Plaintiff did, engage in statutorily protected activity within the meaning of the FCRA by complaining to management about discrimination against them in the workplace.

97.     The aforementioned intentional discriminatory acts of R & L Carriers were performed with malice or with reckless indifference to Plaintiff's protected civil rights.

98.     If Plaintiff prevails on her FCRA claim, resulting in vindication of her civil rights, then Plaintiff is entitled to a reasonable attorney's fee pursuant to the FCRA.

WHEREFORE, Plaintiff prays this Court grant the following relief:  an order declaring that R & L Carriers violated Plaintiff's rights under the FCRA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for punitive damages as allowed by law; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining R & L Carriers from engaging in any such unlawful employment practice under the FCRA; an award of prejudgment and postjudgment interest on the damages award; and for such other legal and equitable relief as the nature of Plaintiff's cause may warrant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands pursuant to FLA. R. CIV. P. 1.430 a trial by jury on all issues so triable.

Dated:  February 19, 2018                          Respectfully submitted,


                                                   / s / James Tarquin
                                                   James P. Tarquin
                                                   Florida Bar No. 906190
                                                   Mark Dillman
                                                   Florida Bar No. 0276250
                                                   JAMES P. TARQUIN, P.A.
                                                   1111 N.E. 25th Avenue, Suite 501
                                                   Ocala, Florida 34470
                                                   Telephone: (352) 401-7671
                                                   Facsimile: (352) 401-7673
                                                   tarquinlawoffice@aol.com
                                                   Attorneys for Plaintiff

**EXHIBIT A**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Rachaelle Lynn
    3541 S.E. 31st Terrace
    Ocala, FL 34471

From: **Miami District Office**
      **Miami Tower, 100 S E 2nd Street**
      **Suite 1500**
      **Miami, FL 33131**

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Mercedes Ricardo, | |
| 511-2016-02554 | Supervisory Investigator | (305) 808-1747 |

*(See also the additional information enclosed with this form.*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                    **NOV 2 4 2017**

Enclosures(s)                                    *(Date Mailed)*

**MICHAEL J. FARRELL,**
**District Director**

cc:   Daniel Brake
      V.P. of Human Resources & Associate General Counsel
      R+L Carriers
      600 Gillam Road
      Wilmington, OH 45177

James P. Tarquin, Esq.
LAW OFFICE OF JAMES P. TARQUIN
1111 NE 25th Ave., Suite 501
Ocala, FL 34470